# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PABLO PENA, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. SA-18-CV-842-XR |
| DEN-TEX CENTRAL, INC., | § § § | |
| *Defendant(s).* | § § | |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration the Court hereby GRANTS Defendant's Motion to Compel Arbitration and Supplemental Motion to Compel Arbitration and to Stay Proceedings. Docket nos. 7 & 13.

## BACKGROUND

This is a disability discrimination and retaliation case brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*, and §§21.051 and 21.055 of the Texas Labor Code. Plaintiff alleges that Defendant Den-Tex Central, Inc. refused to provide reasonable accommodations for Plaintiff's disability and retaliated against Plaintiff after Plaintiff made a protected complaint of disability discrimination to Defendant. Defendant moved to compel arbitration and to stay the proceedings.

## DISCUSSION

**I.    Legal Standard**

    a.   *The Arbitration Agreement*

The Federal Arbitration Act ("FAA") "reflects the fundamental principle that arbitration is a matter of contract," and that courts are required "to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 12.

b. *Delegation of Arbitrability Determination*

The FAA further "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)(emphasis in original). Generally, it is for the court, not the arbitrator, to decide whether the parties have agreed to arbitrate the disputes in question. *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651 (1986). When "the parties have clearly and unmistakably agreed to arbitrate arbitrability," however, "certain threshold questions—such as whether a particular claim is subject to arbitration—are for the arbitrator, and not a court, to decide." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262 (5th Cir. 2014). The adopted institutional rules of a valid arbitration agreement might, depending on their language, constitute "a clear and unmistakable expression of the parties' intent to reserve the question of arbitrability for the arbitrator and not the court." *Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009).

c. *Motion to Stay Proceedings*

The FAA provides that when an issue in a lawsuit is referable to arbitration, a federal district court must, "on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

However, the Fifth Circuit has held that "when *all* of the issues raised in the district court must be submitted to arbitration," dismissal of the claim may be proper. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis added). Even in these circumstances, though, "dismissal is not required; rather, the district courts have discretion to do so, and also have discretion to stay the case or dismiss without prejudice." *Glazer's Inc. v. Mark Anthony Brands Inc.*, SA-11-CV-977-XR, 2012 WL 2376899, at *6 (W.D. Tex. June 22, 2012) (citing *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 331 n.9 (5th Cir. 2003)). Entry of a stay as opposed to a dismissal may be appropriate where "the district court perceives that it might have more to do than execute the judgment once arbitration has been completed." *Apache Bohai Corp.*, 330 F.3d at 309.

**II.    Application**

a. <u>Agreement to Arbitrate</u>

Both parties signed an Arbitration Agreement Acknowledgement on April 11, 2017. (Ex. A at 4, Docket no. 13). The agreement states that covered disputes would be "resolved through binding arbitration through the American Arbitration Association (AAA), utilizing AAA Employment Arbitration Rules and Mediation Procedures." (Ex. A at 2, Docket no. 13). Plaintiff has not raised defenses regarding the contractual formation of this agreement that might render it unenforceable, such as "duress, fraud, or unconscionability." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Thus, the Court finds a valid agreement to arbitrate exists between the parties.

b. *Delegation of Arbitrability Determination*

The agreement signed by Plaintiff and Defendant adopts the American Arbitration Association ("AAA") Employment Arbitration Rules. Rule 6(a) of the AAA Employment Arbitration Rules (effective October 1, 2013) states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." This rule mirrors Rule 9(a) of the AAA Construction Industry Rules. These two rules, however, are distinct from Rule 7(a) of the AAA Commercial Arbitration Rules, in that the latter recites the same language, but specifically adds "or to the arbitrability of any claim or counterclaim."

The Fifth Circuit referenced the particular language of Rule 7(a) of the AAA Commercial Rules and concluded that the rule "constituted clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262-63 (5th Cir. 2012). Similarly, the Fifth Circuit has also held "the express adoption of [the AAA Construction Industry] rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671 (5th Cir. 2012). Despite the difference in language between the different sets of AAA Rules (Commercial and Construction Industry), the Fifth Circuit has afforded them equal treatment with regard to the delegation of arbitrability determinations. Further, the language in *Petrofac* – "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement" – is identical to the language in this case. *Id.* at 675. It follows that the AAA Employment Arbitration Rules, which employs the exact same language as the AAA

Construction Industry Rules, would garner the same treatment. *See Arnold v. Homeaway, Inc.*, 890 F.3d 546, 552 (5th Cir. 2018) ("We have held that, generally, stipulating that the AAA Rules will govern the arbitration of disputes constitutes such 'clear and unmistakable' evidence [of intent to arbitrate arbitrability]."); *Houston Ref'g, L.P. v. United Steel, Paper & Forestry, Rubber, Mfg.*, 765 F.3d 396, 410 n.28 (5th Cir. 2014) ("To be sure, an arbitration agreement need not recite verbatim that the 'parties agree to arbitrate arbitrability' in order to manifest 'clear and unmistakable' agreement.").

   *c. Motion to Stay Proceedings*

Defendant requests that the Court stay the litigation and that the Clerk of the Court be ordered to administratively close the case. In accordance with FAA § 3 and applicable precedents, the Court will exercise its discretion to stay this action pending resolution of the arbitration.

**CONCLUSION**

Defendant's Motion to Compel Arbitration and to Stay Proceedings (Docket nos. 7 & 13) is GRANTED. This case is ordered to arbitration and is STAYED pending resolution of the arbitration. Because all proceedings in this case are stayed pending resolution of the arbitration, this case is appropriate for administrative closure. *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay….").

The Clerk's office is DIRECTED to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. *Mire*, 389 F.3d at 167. The parties are ordered to file quarterly status reports on the progress of arbitration, beginning **April 1, 2019** and to notify the Court on the outcome of the arbitration within thirty days of its conclusion.

It is so ORDERED.

SIGNED this 1st day of February, 2019

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE